Filed 02/19/25

VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,

Burlington, VT 05401

802-951-1740

www.vermontjudiciary.org

Docket No. 24-ENV-00080



| Town of Derby v. David Fletcher |
|---|

## ENTRY ORDER

Title:          Motion for Default Judgment (Motion: 1)

Filer:          Kristen E. Shamis, Esq.

Filed Date:     December 9, 2024

No response filed.

**The motion is GRANTED.**

This is an enforcement action brought by the Town of Derby (Town) against David Fletcher (Respondent) regarding Respondent's operation of a junkyard at property located at 2897 Salem Derby Road, Derby, Vermont (the Property).

The Town sent a notice of violation to Respondent on June 6, 2024 regarding the operation of a junkyard at the Property without a permit (the NOV). Respondent did not appeal the NOV. The Town initiated this matter by a complaint filed September 17, 2024. A return of service shows that Respondent was served with the summons, complaint, and blank forms for an answer and notice of appearance on September 24, 2024. To date, Respondent has not answered the complaint or otherwise participated in this action. The Town moves for default judgment pursuant to V.R.C.P. 55.

Due to Respondent's failure to appeal or otherwise timely challenge the NOV, the alleged violations are final and binding. 24 V.S.A. § 4472(a). Additionally, Respondent has failed to enter and appearance either pro se or through counsel and failed to answer the compliant or file any responsive pleading, including responding to the pending motion. As such, the Town's factual allegations are treated as admitted. See DeYoung v. Ruggiero, 2009 VT 9, ¶ 22, 185 Vt. 267. We conclude that the Town has made sufficient allegations showing that it is entitled to judgment. Therefore, the Court **GRANTS** the Town's motion for default judgment.

Next, we address the fines due.[1]  This Court has broad discretion to set a fine under 24 V.S.A. § 4451.  See Town of Pawlet v. Banyai, 2022 VT 4, ¶ 29.  Section 4451 authorizes a maximum fine of $200 per violation, with each day that the violation continues counting as a new violation.  24 V.S.A. § 4451(a), (a)(3).  This Court must "balance any continuing violation against the cost of compliance and . . . consider other relevant factors, including those specified in the Uniform Environmental Enforcement Act."  In re Beliveau NOV, 2013 VT 41, ¶ 23, 194 Vt. 1.

The Uniform Environmental Enforcement Act factors are:

> (1) the degree of actual or potential impact on public health, safety, welfare, and the environment resulting from the violation;
>
> (2) the presence of mitigating circumstances, including unreasonable delay by the Secretary in seeking enforcement;
>
> (3) whether the respondent knew or had reason to know the violation existed;
>
> (4) the respondent's record of compliance;
>
> (5) [Repealed];
>
> (6) the deterrent effect of the penalty;
>
> (7) the State's actual costs of enforcement; and
>
> (8) the length of time the violation has existed.

10 V.S.A. § 8010(b).

First, the operation of a junkyard absent a permit poses a potential risk on public health, safety, welfare, and the environmental.  While the Court lacks information about the total scope of the junkyard, the NOV is final, and Respondent has not refuted in any manner than he is using the Property as a junkyard without a permit as required by the relevant zoning regulations.  This weighs in favor a modest fine.

Second, the Court has not been presented with the presence of any mitigating circumstances or delay on the part of the Town.  The Town issued the NOV on June 6, 2024, following a period of time in which Respondent could have cured, the Town sent an additional warning letter in August 2024 allowing for an additional brief period for Respondent to cure the violation in advance of the

---

[1] This Court may enter judgment for a sum, when the sum claimed "can by computation be made certain, and when the opposing party is not a minor or incompetent, without notice or hearing upon affidavit of the amount due . . .."  V.R.C.P. Rule 55(c)(1).  The sought fine here is able to be made certain by computation (i.e., the days of the violation and the amount of daily fine imposed, along with legal fees).  We have been provided with an affidavit allowing us to assess the fines to be imposed and Respondent is neither a minor nor incompetent.  We, therefore, conclude we can impose a fine in the context of this default judgment.

filing of this action. The Town initiated this action approximately one month after the expiration of that additional cure period.

Third, the Respondent was aware of the violation through the NOV and the August 2024 warning letter. Respondent was also served with the complaint in this action. The Town represented in the complaint that, as of the date of its writing, Respondent had not cured the violation. There has been no representation to the Court that remedial actions have been undertaken since.

Fourth, there has been no allegation that Respondent has a history of noncompliance with the relevant zoning regulations outside of this action.

Next, we conclude that there is a modest need for deterrent in this matter. Respondent has been made aware of the violations at the Property and the Town's attempts to gain compliance with the zoning regulations. Respondent has allowed the violations to continue and has not participated in the Town's attempts at enforcement.

Further, the Town's legal fees and expenses in this matter total $1,794.97. These costs are reasonable in light of the facts of this matter, including Respondent's non-participation and the need for the pending motion.

Finally, there is no allegation that this violation has been occurring for substantially longer than the date of the NOV.

The Town has provided an affidavit of fines, and the Court has the unanswered complaint. This is sufficient information to determine the appropriate fine in this case. The Town requests the Court impose a fine of $2,670, representing a $15 per day fine, for the period of June 13, 2024, or seven days after the date of the NOV, to the date of the motion.

The total maximum fine that could be imposed for this violation is $50,200 (representing a $200 per day fine running from June 13, 2024 to the date of this Entry Order). "[W]e reserve a fine of [$200.00] per day for the most egregious of zoning infractions." In re Huntington NOV Appeal, Nos. 204-8-06 Vtec, 209-9-06 Vtec, slip op. at 8 (Vt. Envtl. Ct. Mar. 18, 2008) (Durkin, J.). Further, fines authorized by 24 V.S.A. § 4451(a) are civil in nature such that they must not be punitive and must be "rationally related to the damages suffered from landowner's violation of [the] Town's bylaw." Town of Hinesburg v. Dunkling, 167 Vt. 514, 528 (1998). For the reasons set forth above, we conclude that the facts present warrant a modest fine.

The Town has incurred expense related to the violation. It is also clear that Respondent has ignored the compliance issues at the Property and that those compliance issues, specifically the operation of a junkyard, can pose risks to public health, safety or the environment. We, therefore,

adopt the Town's proposed fine of $15 per day from June 13, 2024 to the date of their motion (179 days). Thus, the Court imposes the requested fine of $2,670.[2]

### Conclusion

For the foregoing reasons, we **GRANT** the Town's motion for default judgment against Respondent. The Court orders Respondent to immediately cease all unpermitted junkyard use of the Property. Further, the Court imposes a fine of $15 per day, running from June 13, 2024 to December 9, 2024, for a total fine of $2,670. The fine amount will constitute a lien on the Property.

This concludes the matter before the Court. A Judgment Order accompanies this Entry Order.

Electronically signed 19th day of February 2025 pursuant to V.R.E.F. 9(D).

Thomas G. Walsh, Judge
Superior Court, Environmental Division

---

[2] The Court notes the Court notes that $15 multiplied by 179 days equals a fine of $2685. The Town's motion appears to be the result of $15 multiplied by 178 days. The Court imposes the fine specifically requested by the Town for a sum certain and imposes the requested fine.